## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

NYRTISTENE WILLIAMS,

        Plaintiff,

v.                                             **Case No. 3:16-CV-00207**
                                             **Judge Thomas M. Rose**

TROTWOOD MADISON
CITY SCHOOLS, et al.**,**

        Defendants.

---

### ENTRY AND ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DOC. 9)

---

Plaintiff Nyrstistene Williams filed a lawsuit against Trotwood Madison City Schools, Eddie Sample, Kevin Bell, Tracey Mallory, and Jody McCurdy (collectively "Defendants") for violation of §504 of the Rehabilitation Act and First Amendment retaliation.  (Doc. 1)  Pending before the Court is Defendants' Partial Motion to Dismiss Plaintiff's Complaint.  (Doc. 9).  Therein Defendants request the Court dismiss Plaintiff's asserted First Amendment retaliation claim for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Because Plaintiff has not presented sufficient allegations to support a First Amendment retaliation claim against Defendants, the Court will grant the Partial Motion to Dismiss.

## I.     Background

When considering a motion to dismiss pursuant to 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations as true.  *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d, 478, 488 (6th Cir. 2009). The complaint includes the following factual allegations:

On or about the time of July 2013, Plaintiff Nyrtistene Williams began working for Defendant Trotwood Madison City School District as an Intervention Specialist for the fourth grade at Madison Park Elementary.  (Doc. 1, ¶ 10-11).  Plaintiff alleges Defendant School District did not provide her with adequate support to properly educate as required by the students' Individual Education Plans ("IEP").  (*Id.* at ¶ 14).

Plaintiff further alleges several of her students were not being educated in the Least Restricted Environment ("LRE") as provided for under the Rehabilitation Act, specifically Student A.  (*Id.* at ¶ 17).  Over the course of a year, Plaintiff allegedly had multiple meetings with Student A, Student A's guardian, Student A's IEP team, as well as Defendants Eddie Sample, Jody McCurdy, and Tracey Mallory.  (*Id.* at ¶ 18).  On one specific occasion, Plaintiff alleges Defendant Sample requested Plaintiff backdate information regarding Student A's IEP. (*Id.*).  Additionally, Plaintiff alleges she was contacted by school counselor Deborah Nunley regarding a second student, Student B, wherein she was asked to backdate a document in the student's records regarding the date of an IEP meeting, which allegedly never took place.  (*Id.* at ¶ 19).  Plaintiff alleges she refused to backdate the record and reported Nunley and Defendant Sample's behavior to Defendant Superintendent Kevin Bell and Director of Human Resources Gerald Cox.  (*Id.* at ¶ 20).

2

Thereafter, Plaintiff was placed on paid administrative leave and her contract was not renewed the following year.  (*Id.* at ¶ 22).  Plaintiff alleges the reasons for the non-renewal of her contract were founded on her report of Defendants' conduct, allegedly in violation of federal law, her continued advocacy for her students, and for her attention to the needs of her students. (*Id.* at ¶ 23).  Plaintiff alleges Defendants intentionally did not provide her students adequate scheduling, equipment, facilities, or other support, to properly teach, consult, coach, or supervise the instruction of disabled students.  (*Id.* at ¶ 24).  Plaintiff alleges that, as a result of her reports of these incidents, Defendants intentionally retaliated against her.  (*Id.* at ¶ 26).

Plaintiff states two claims for relief in her Complaint.  Plaintiff's first claim is for a violation of §504 of the Rehabilitation Act.  Plaintiff claims she is within the zone of interest of §504's requirements for the benefit of her disabled students, that Defendants coerced her to violate §504, and that Defendants retaliated against her.  Second, Plaintiff asserts a First Amendment Retaliation claim.  She alleges that her statements and complaints regarding her students' education were matters of public concern, protected under the First Amendment of the United States Constitution and through their actions, Defendants allegedly attempted to restrain Plaintiff's speech.

## II.    Failure to State a Claim – 12(b)(6)

### A.  Legal Standard

To conclude a plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett* 561 F.3d at 488.  A court, however, need not accept as true the legal assertions of the plaintiff.  *Id.* Rather, "to survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a

claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 545, 555 (2007)).  In addition to the complaint, the court "must consider . . . other sources . . . in particular, documents incorporated into the complaint by reference . . ." *Tellabs, Inc. v. Makor Issues & Rights, Ltd,* 551 U.S. 308, 322-23 (2007).

### B.  Analysis

A claim will be dismissed when it does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (citation omitted).  A court, however, is not required to accept "legal conclusions" or "conclusory statements" as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, a complaint "should be dismissed for failure to state a claim where 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1189 (6th Cir. 1996) quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A plaintiff alleging unconstitutional retaliation in violation of the First Amendment's guarantee of freedom of speech must establish:

> (1) that the plaintiff was engaged in a constitutionally protected activity; (2) that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of plaintiff's constitutional rights.
>
> *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998).

In order for a government employee's speech to warrant First Amendment protection, the employee: (1) must have spoken "as a citizen," and (2) "must have address[ed] a matter of public

4

concern." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007) (quoting *McMurphy v. City of Flushing*, 802 F.2d 191, 197 (6th Cir. 1986). However, "[w]hen public employees make statements pursuant to their official duties; the employees are not speaking as citizens for First Amendment purposes." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). Additionally, "even employee speech addressing a matter of public concern is not protected if made pursuant to the employee's official duties." *Weisbarth*, 499 F.3d at 545 (citing *Garcetti*, 547 U.S. at 421). If plaintiff's speech is deemed to be a matter of public concern, the court must then balance the plaintiff's free-speech interests against the government's interest as an employer. *Id.* at 145, 149-54; *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968).

Where statements are made pursuant to one's position as a public employee, rather than as a private citizen, the speech is not entitled to First Amendment Protection. *Garcetti v. Ceballos*, 547 U.S. 410, 413 (2006). In *Garcetti*, the plaintiff, a deputy district attorney, wrote a disposition memorandum explaining his concerns regarding an affidavit used to obtain a search warrant. *Id.* at 410. Thereafter, plaintiff alleged his supervisors retaliated against him based on the memorandum. *Id.* The court held that because plaintiff drafted the memorandum pursuant to his official duties, he was not speaking as a citizen for First Amendment purposes and the Constitution does not protect communications from employer discipline. *Id.* at 421-22.

Where a teacher complains to her supervisors regarding classroom conditions, her speech is not protected under the First Amendment. *Fox v. Traverse City Area Pub. Schs. Bd. of Educ.*, 605 F.3d 345, 351 (6th Cir. 2010). In *Fox*, a special education teacher filed a retaliation claim against her former employer, the school district. *Id.* at 345. Plaintiff was hired under a probationary contract for two years. *Id.* At the conclusion of the two years, she was notified her contract would not be renewed for the following year based on performance deficiencies. *Id.* In

5

turn, plaintiff argued her performance was satisfactory, rather she was terminated for voicing concerns to her supervisors regarding the size of her teaching caseload. *Id.* The court concluded that because plaintiff's statements were directed solely to her supervisor, they were made as a public employee rather than a citizen and, therefore do not merit First Amendment protection. *Id.* at 348.

In *Connick*, the Supreme Court described that speech touches upon matters of public concern where it can "be fairly considered as relating to any matter of political, social, or other concern of the community." *Connick v. Myers*, 461 U.S. 138, 146 (1983). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement as revealed by the whole records." *Id.* at 147-48. The Court explained the difference between an employee's speech that touches upon matters of public concern and speech that only interests the speaker. The Court held that where speech is that of particular interest only to the speaker cannot be the basis of a First Amendment retaliation lawsuit. *Id.* at 147.

Here, Plaintiff was not speaking as a citizen addressing matters of public concern. When Plaintiff communicated to her supervisors regarding inadequate support to properly educate, she was acting within her official employment duties, therefore she was not speaking as a citizen for First Amendment purposes. Similar to the Plaintiff in *Fox* who was dissatisfied with her classroom size, the subject matter to which Plaintiff alleges she complained to her supervisors about falls squarely within the duties of her employment as an Intervention Specialist. Specifically, Plaintiff alleges that she spoke to her supervisors regarding the need for additional resource room time and that students receiving federal funds under the Rehabilitation Act were not being educated in the least restrictive environment. Furthermore, because Plaintiff's

complaints were directed exclusively to her supervisors, rather than the general public, they may not serve as a basis for a First Amendment retaliation claim.

In viewing the complaint in the light most favorable to Plaintiff, and by taking all well-pleaded factual allegations as true, the complaint does not contain, either direct or inferential, allegations that could support an inference Plaintiff spoke to her supervisors as a citizen regarding a matter of public concern, and thereafter was retaliated against.  Instead, the complaint merely alleges Plaintiff communicated with her supervisors regarding her classroom and employment as an Intervention Specialist.  Because these statements were made pursuant to Plaintiff's official duties, they are not protected by the First Amendment and as a result may not stand as a basis for a retaliation claim.  Therefore, based on the foregoing, Defendants' Partial 12(b)(6) Motion to Dismiss is granted.

**III.     Conclusion**

Because Plaintiff's alleged communications with her supervisors were not about matters of public concern, but made pursuant to her official duties as a school employee, they cannot serve as a basis for a First Amendment retaliation claim.  Therefore Plaintiff's claim does not contain sufficient factual allegations to state a claim for relief that is plausible on its face. Defendants' Partial Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) is **GRANTED**.[1]

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, November 1, 2016.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges the valuable contribution and assistance of judicial extern Samantha M. D'Anna in drafting this opinion.

7