UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NYRTISTENE WILLIAMS     CASE NO. 3:16-cv-00207

    Plaintiff

                                                      Judge Thomas M. Rose

vs                                                Magistrate Judge Sharon L. Ovington

TROTWOOD MADISON CITY
SCHOOLS

                                               **AMENDED STIPULATED**
EDDIE SAMPLE                             **PROTECTIVE ORDER**

KEVIN BELL

TRACEY MALLORY

JUDY McCURDY

    Defendants

This Protective Order regarding discovery of any form whatsoever that concerns the information listed below, is entered pursuant to Federal Rule of Civil Procedure 26(c). The Court hereby orders that such discovery should be subject to the following terms and conditions:

    1.    The parties expect that the following may be deemed "Confidential Information" and the parties shall designate it where appropriate by stamping the word "Confidential" on the documents:

    (a)    Any and all personally identifiable information from an education record of a student that is protected by the Family Education Rights and Privacy Act, 20 U.S.C. §1232g: 34 C.F.R. Part 99 and O.R.C.§3319.321.

    (b)    Plaintiff's personal, medical, financial, educational, tax and billing records.

    (c)    Any other document that contains personally identifiable and/or medical information regarding the parties or students;

(d) Any testimony regarding Confidential Information as defined in Paragraphs 1(a)-(c);

(e) Those portions of briefs, affidavits, memoranda, depositions or other writings, including exhibits thereto, which contain or refer to the Confidential Information.

2. The parties, regardless of who produced the documents or information may indicate the confidential nature of a document or other information by marking each page that contains such information "CONFIDENTIAL".

3. Information disclosed at the deposition of any witness may be designated by any party as "confidential information" by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Protective Order. Any party may also designate information obtained at such depositions as "confidential information" by notifying all parties or their counsel in writing, within thirty (30) days after the receipt of the transcript of the deposition.

4. In designating information as "confidential information," the designating party will make such designation only as to information that the party, in good faith, believes contains "confidential information".

5. The Trotwood Madison City School District Board of Education and their component schools mah disclose students' educational records, including any and all personally identifiable information from an education record of a student that is protected by the Family Education Rights and Privacy Act, 20 U.S.C. §1232g: 34 C.F.R. Part 99 and O.R.C.§3319.321, without written permission from the parent or student, to comply with discovery requests, further court orders, and to defend itself in this action. Such information shall be deemed Confidential Information.

6. Confidential Information shall be used solely for the preparation, trial and/or settlement of the above-captioned action, and shall not be communicated or used for any other purpose whatsoever except as compelled by court order.

7. Confidential Information shall not be given, shown, made available, communicated, or disclosed to any person or entity other than:

   (a) Counsel of record in this action and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such counsel of record (collectively referred to as "counsel") and a party, if a person, or if a corporation, its representative(s), or if an estate, its administration(s);

   (b) Those employees and agents of the receiving party having a need to know without written permission from the producing party or further order of this Court;

   (c) Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by counsel of record for any party for the purpose of assisting counsel in this action;

   (d) Third party entities, and the employees of said third party entities, retained by counsel to provide support services in this action;

   (e) The Court and court employees, court reporters, stenographers, and videographers;

   (f) The person who is the author or addressee of such document or thing, people copied thereof, or the designated representative of any corporation or other entity with whom such person or people are employed or otherwise affiliated; and

   (g) Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court permitting such disclosure.

8. That any person directly assisting counsel to whom the discovery is provided pursuant to this Protective Order and/or the information contained therein, is shown, furnished, or otherwise disclosed, shall be shown a copy of this Protective Order and shall be subject to its terms. He or she shall also acknowledge his or her understanding of the Order by signing a copy of the same in counsel's possession. An attached acknowledgment form is provided as Exhibit A.

9. Nothing in this Order shall limit the receiving party's right to disclose Confidential Information during any deposition, provided that the party to whom the Confidential Information is disclosed shall sign an agreement to be found by the confidentiality provisions of this Order.

10. All information and documents subject to this Protective Order that are filed with the Court, and all pleadings, motions or other papers filed with the Court that contain or disclose Confidential Information, whether the actual confidential document is filed or information from such is simply referenced, that portion of the filed pleading or motion or other paper shall be filed under seal and shall be kept under seal until further Order of the Court; provided, however, that such information shall be available to the Court and to persons listed in Paragraph 7 above. Portions of filings containing information and documents subject to this Protective Order shall likewise be filed under seal. Nothing in this Order shall prevent any part from using any material subject to this Protective Order at trial or at any hearing conducted in this matter.

11. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Unless the Court orders otherwise, all sealed documents shall be filed according to the Southern District of Ohio's Local Civil Rules.

12 The fact that something is designated as "Confidential Information" shall not be deemed to be determinative of what the Court may subsequently determine to be confidential. And, the fact that there is a confidential designation shall not be admissible as evidence during the trial of this action.

13. If the receiving party disagrees with the producing party's designation of any document as "CONFIDENTIAL", the receiving party shall request in writing the producing party to redesignate such document, such request setting forth the specific documents at issue an the reasons the receiving party believes such document should be redesignated. If the producing party does not redesinate the document within five business days after receipt of the request to redesignate, the receiving party may then make a motion with the Court for the Court to order the redesignation of such documents. The party claiming the documents Confidential has the burden of demonstrating that the document is entitled to "CONFIDENTIAL" STATUS.

14. If through inadvertence, error or oversight, a party fails to properly designate a document, tangible thing or information as "CONFIDENTIAL" at the time of production or disclosure, that party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall specify in that notice the particular document(s), tangible thing(s) or information to be reclassified and shall specify the particular designation to be applied. Thereafter, the receiving party shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally. The receiving party shall have ten (10) business days from the receipt of such notice of reclassification to object to such reclassification in writing. Upon such an objection being timely made, this Court shall determine whether or not such material can properly be reclassified. The party claiming the document is Confidential has the burden of demonstrating that the document is entitled to "CONFIDENTIAL" status. Until such a ruling is made by this Court, the receiving party shall treat such document(s), tangible thing(s) or information in the same manner as if it ha been originally designated or classified as CONFIDENTIAL.

15. By making information and documents designated as Confidential Information available for use in this action, neithe3r Plaintiff or Defendants have waived or compromised the confidentiality, protectability, or privilege of the information or documents.

16. This Protective Order shall not prevent any of the parties or any third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves in writing to modification of this Protective Order, subject to the approval of the Court.

17. In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order with respect to any information provided to the parties by so advising the parties to this action in writing. Any such non-party shall have standing to appear in this action in order to file motions and oppose motions, as necessary, to protect such non-party's rights in its information.

18. Nothing in this Order shall:

(a) Limit a receiving party's use of documents and information that were not obtained through discovery in this action;

(b) Limit, expand or restrict any right of any party to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in this action, or the right of any party to seek additional protection pursuant to the Federal Rules of Civil Procedure.

(c) Limit or restrict the right of any party to attach to or incorporate the content of any Confidential Information in any paper filed with the Court in this action or to show a deponent at a deposition in this actin a document that has been designated 'CONFIDENTIAL" pursuant to the provisions of this Order, subject to the provisions and protections afforded by this Order.

(d) Limit the rights of any state or federal department, agency, or other entity including without limitation the United States Department of Justice and Department of Education and all investigations pursuant to any such entity's enforcement authority of civil rights laws, to obtain information and documents exchanged by the parties to this litigation or to otherwise investigate the claims of Plaintiffs or other similarly situated individuals.

19. The Protective Order shall be in effect upon execution by counsel for Plaintiff and counsel for Defendants. Plaintiff and Defendants agree to be found by the terms of this Protective Order pending its adoption or supplementation by the Court.

20. The parties acknowledge and understand that the court retains its inherent right to alter the provisions of this Protective Order when the Court believes the interests of justice will be served by any such alteration.

IT IS SO ORDERED:

Date: __April 13, 2017__       s/Sharon L. Ovington  
                                                 Magistrate Judge Sharon L. Ovington  
                                                 United States District Court

SO STIPULATED:

| | |
|---|---|
| /s/Erica Ann Probst | /s/Bernard W. Wharton |
| Erica Ann Probst 0073486 | Bernard W. Wharton   0063487 |
| Kemp, Schaeffer & Rowe Co., LPA | R. Gary Winters 0018680 |
| 88 West Mound Street | McCaslin, Imbus & McCaslin |
| Columbus, OH 43215 | 632 Vine Street, Suite 900 |
| (614) 224-2678 phone | Cincinnati, OH 45202 |
| (614) 469-7170 fax | (513) 421-4646 phone |
| erica@ksrlegal.com | (513) 421-7929 fax |
| | bwwharton@mimlaw.com |
| /s/Lauren A. Kemp | rgwinters@mimlaw.com |
| Lauren A. Kemp 0093436 | |
| Kemp, Schaeffer & Rowe Co., LPA | ***Attorneys for Defendants*** |
| 88 West Mound Street | |
| Columbus, OH 43215 | |
| (614) 224-2678 phone | |
| (614) 469-7170 fax | |
| lauren@ksrlegal.com | |

***Attorneys for Plaintiffs***